**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BI3, Inc., an Illinois Corporation, and Kenneth C. Tola, Jr.,** )  ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **CASE NO. 08 CV 2384** |
| **Alan B. Hamor, WK Networks, Inc., a Delaware Corporationa, and CampaignLocal, Inc., a Delaware Corporation** ) ) ) ) ) ) | **JUDGE DER-YEGHIAYAN** <br><br> **MAGISTRATE JUDGE KEYS** |
| Defendants. ) | |

**JOINT INITIAL STATUS REPORT OF PARTIES
PURSUANT TO STANDING ORDER**

Plaintiffs/Counter-Defendants, BI3, Inc., and Kenneth C. Tola, (hereafter "Plaintiffs," "BI3," and "Tola"), by counsel, Zaknoen & Zaknoen LLC and Defendants/Counter-Plaintiffs, Alan B. Hamor, WK Networks, Inc., and CampaignLocal, Inc., (hereafter "Defendants," "Hamor," "WK," and "CL"), by counsel, Meckler Bulger & Tilson LLP, submit this Joint Initial Status Report pursuant to this Court's Standing Order.

1. **Nature of Claims and Counterclaims:**

A. **Plaintiffs' Claims:** Plaintiffs allege that BI3 and WK entered into a written Consulting Agreement on or about September 29, 2006, under which BI3 agreed to provide consulting and technical services related to certain web-based businesses. BI3 alleges that the Consulting Agreement was subsequently either modified or superseded. BI3 alleges that it fully performed all of the services required of it and in fact provided additional services to Defendants, for which it has not been compensated. Plaintiffs assert claims for

1

compensation based on breach of contract and quantum meruit theories. Plaintiff also asserts a claim that the Consulting Agreement was induced by fraud.

This case also involves a dispute as to the ownership of an invention known as "DataTrender," for which a provisional patent application was filed on April 17, 2007, and for which Tola executed an assignment to CL on April 18, 2007. Plaintiffs allege that Tola and non-party Earl Grant-Lawrence conceived of and invented DataTrender–and that the DataTrender invention was separate from and unrelated to the work BI3 was performing for WK. Plaintiffs seek rescission of the assignment and damages on the grounds of fraud in the inducement, failure of consideration, and lack of consideration. Plaintiffs also seek to recover the rights to DataTrender, and damages, under theories of conversion and breach of duty. Alternatively, if the assignment is valid, Plaintiffs request that Defendants advise as to the status of the provisional patent application and seek damages for any loss on behalf of CL.

**B.    Defendants' Counterclaims:** Defendants assert that Plaintiffs have been fully compensated for all work Plaintiffs performed under the terms of the Consulting Agreement. Regarding the DataTrender technology, Defendants allege that Plaintiffs' contributions to the DataTrender technology were performed in the course of work performed pursuant to the Consulting Agreement. As such, Plaintiffs were required by the terms of the Consulting Agreement to assign their rights to DataTrender to WK or to WK's designee, CL.

Defendants allege that Plaintiffs have breached the confidentiality provisions of the Consulting Agreement by using and divulging Defendants' intellectual property, trade secrets, and confidential and proprietary information ("confidential information") to third

2

parties.  Defendants further allege that Tola breached his fiduciary duty to CL by failing to protect CL's confidential information.  Defendants further allege that Plaintiffs have interfered with Defendants' business relationships by passing off CL's confidential information as their own and by taking CL's client relationships for their own benefit.  In addition, CL alleges that its ability to compete in the marketplace has been harmed because of Plaintiffs' failure to complete work assigned under the Consulting Agreement, Plaintiffs' failure to return and keep confidential CL's confidential information, and Plaintiffs' misappropriation of CL's intellectual property and trade secrets.

      2.    **Relief Sought by Plaintiffs:**  Plaintiffs seek damages in an amount not less than $346,125 for the value of services performed in Counts I-III and additional consequential and punitive damages in Count III.  Plaintiffs seek rescission of the assignment of rights in the DataTrender invention and damages based on fraud, lack of consideration and failure of consideration in Counts IV-VI.  Plaintiffs seek damages based on breach of duty if the provisional patent application has lapsed in Count VII and the return of the DataTrender invention and punitive damages based on conversion in Count VIII.  Alternatively, Plaintiffs seek derivative relief on behalf of CL in Count IX and seek compensation for the work performed related to DataTrender in Count X.

      Defendants seek a declaration that the Consulting Agreement is a valid and enforceable contract and that Plaintiffs' assignment of their rights in the DataTrender technology was valid.  Defendants seek injunctive relief enjoining Plaintiffs from continuing to divulge and use Defendants' confidential information; indemnification from Plaintiffs pursuant to the Consulting Agreement; and compensatory and punitive damages,

attorneys' fees and costs, for the use, disclosure, and misappropriation of confidential information and Plaintiffs' interference in Defendants' business relationships.

    **3.**    <u>**Names of Parties Not Served:**</u>    All parties have been served or have waived service.

    **4.**    <u>**Principal Legal Issues:**</u>    The case involves primarily mixed questions of law and fact relating to the principal factual issues identified below.

    **5.**    <u>**Principal Factual Issues:**</u>    The principal factual issues relate to whether the Consulting Agreement was subsequently modified, superseded, or induced by fraud; whether BI3 fully performed; whether Defendants fully performed; whether BI3 and Tola used, disclosed, and misappropriated Defendants' confidential information in breach of the Consulting Agreement or in breach of Tola's fiduciary duty to CL.

Regarding the claims for recovery of the DataTrender invention and Defendants' defenses thereto, the principal factual issues include whether Tola or BI3 were compensated for the work they performed on DataTrender; whether Tola in fact received any consideration for the assignment of DataTrender or whether the consideration failed; whether the DataTrender invention is within the scope of the Consulting Agreement; whether the assignment of DataTrender was induced by fraud; and the status of the provisional patent application related to DataTrender.

    **6.**    <u>**List of Pending Motions and Bases:**</u> None at this time.

    **7.**    <u>**Description of Discovery Requested and Exchanged:**</u>    The parties have conducted a Rule 26(f) conference and will make Rule 26(a)(1) disclosures as required. No other discovery has been requested or exchanged at this time.

8. **Type of Discovery Needed:**  The parties anticipate taking at least 6-8 fact witness depositions, 2-4 expert witness depositions, and using all other discovery methods relating to the principal factual issues identified above.

9. **Proposed Discovery Schedule:**  The parties have agreed to the following proposed discovery schedule:

| | |
|---|---|
| Exchange of Rule 26(a)(1) Disclosures | August 15, 2008 |
| Fact Discovery Completion | June 1, 2009 |
| Plaintiffs' Expert Reports | July 1, 2009 |
| Defendants' Expert Reports | August 1, 2009 |
| Rebuttal Reports | September 1, 2009 |
| Complete Expert Depositions | November 1, 2009 |
| Deadline to File Dispositive Motions | January 15, 2010 |
| Final PreTrial Order | March 15, 2010 |

10. **Estimate of When Case Will be Ready for Trial:**  The parties estimate that the case will be ready for trial after April 1, 2010.

11. **Probable Length of Trial:**  1-2 weeks.

12. **Jury Demands:**  All parties have demanded trial by jury on all claims triable to a jury.

13. **Status of Settlement Discussions:**  The parties have not engaged in settlement discussions at this time.  The parties believe that the case may benefit from mediation a reasonable time after initial disclosures are exchanged.

14. **Consent to Proceed before Magistrate:**  All parties will consent to proceed before a Magistrate Judge.

Respectfully submitted,

<u>/s/Joseph J. Zaknoen</u>  
Joseph J. Zaknoen  
Zaknoen & Zaknoen LLC  
Attorneys for Plaintiffs

<u>/s/Jason R. Schulze</u>  
Jason R. Schulze  
Meckler Bulger & Tilson, LLP  
Attorneys for Defendants

Joseph J. Zaknoen (ARDC No. 6208253)  
(lead trial counsel)  
Edward G. Zaknoen (ARDC No. 6239683)

Zaknoen & Zaknoen LLC  
161 N. Clark St., Suite 4700  
Chicago, Illinois 60601  
(312) 523-2191  
(312) 523-2001 (fax)

Scott M. Seaman (ARDC No. 6196630)  
(lead trial counsel)  
James G. Argionis (ARDC No. 6228773)  
Jason R. Schulze (ARDC No. 6238043)  
Meckler Bulger & Tilson, LLP  
123 N. Wacker Drive, Suite 1800  
Chicago, Illinois 60606  
(312) 474-7900  
(312) 474-7898 (fax)

M:\12718\pleading\BI3 - Joint Initial Status Report.doc